# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1148V
**Filed: March 2, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*　　UNPUBLISHED
BILLY WHITCHURCH,　　　　　　　　\*
　　　　　　　　　　　　　　　　\*　　Special Master Hamilton-Fieldman
　　　　　　Petitioner,　　　　　\*
　　　　　　　　　　　　　　　　\*　　Joint Stipulation on Damages;
v.　　　　　　　　　　　　　　　\*　　Influenza ("Flu") Vaccine;
　　　　　　　　　　　　　　　　\*　　Chronic Inflammatory
SECRETARY OF HEALTH　　　　　　\*　　Demyelinating Polyneuropathy
AND HUMAN SERVICES,　　　　　　\*　　("CIDP").
　　　　　　　　　　　　　　　　\*
　　　　　　Respondent.　　　　\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>John R. Howie, Jr.,</u> Howie Law, P.C., Dallas, TX, for Petitioner.
<u>Ryan D. Pyles,</u> United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On November 25, 2014, Billy Whitchurch ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006); Petition ("Pet."), ECF No. 1, at 1-5.  Petitioner alleged that an influenza ("flu") vaccination administered on November 29, 2011 caused him to develop Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP").  Pet. at 1.

On March 1, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  Stipulation, ECF No. 32.  Respondent denies that the flu vaccine caused Petitioner's CIDP and/or any other injury.  However, the parties agree to the joint

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

    **a. A lump sum of $49,535.76, which amount represents reimbursement of a State of Missouri Medicaid lien, in the form of a check payable jointly to Petitioner and**

    **MO HealthNet Division**
    **Cost Recovery Unit**
    **P.O. Box 6500**
    **Jefferson City, MO 65102-6500**

    **Petitioner agrees to endorse this payment to the State; and**

    **b. A lump sum of $350,464.24 in the form of a check payable to Petitioner.  This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a).**

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

    **IT IS SO ORDERED.**

                s/ Lisa Hamilton-Fieldman
                Lisa Hamilton-Fieldman
                Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

BILLY WHITCHURCH,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 14-1148V
Special Master Lisa Hamilton-Fieldman
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Billy Whitchurch ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on or about November 29, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused him to develop a chronic inflammatory demyelinating polyneuropathy ("CIDP") and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that the flu immunization is the cause of petitioner's alleged CIDP and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of **$49,535.76**, which amount represents reimbursement of a State of Missouri Medicaid lien, in the form of a check payable jointly to petitioner and

MO HealthNet Division
Cost Recovery Unit
P.O. Box 6500
Jefferson City, MO 65102-6500

Petitioner agrees to endorse this payment to the State; and

b. A lump sum of **$350,464.24** in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

2

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about November 29, 2011, as alleged by petitioner in a petition for vaccine compensation filed

on or about November 25, 2014, in the United States Court of Federal Claims as petition No. 14-1148V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon written notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged CIDP and/or any other injury.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/

4

Respectfully submitted,

PETITIONER:

BILLY WHITCHURCH

ATTORNEY OF RECORD FOR
PETITIONER:

JOHN R. HOWIE, JR.
HOWIE LAW, P.C.
4040 North Central Expressway
Suite 850
Dallas, Texas 75204
(214) 622-6340

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: March 1, 2016

5