# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1148V
Filed: March 28, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| BILLY WHITCHURCH, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested |
| SECRETARY OF HEALTH | * | to which Respondent Does Not |
| AND HUMAN SERVICES, | * | Object. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>John Howie, Jr.</u>, Howie Law, P.C., Dallas, TX, for Petitioner.
<u>Ryan Pyles</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 25, 2014, Billy Whitchurch ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that an influenza ("flu") vaccination administered on November 29, 2011 caused him to develop Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP").  On March 2, 2016, the undersigned issued a decision awarding compensation to Petitioner.

On March 11, 2016, Petitioner filed an application for attorneys' fees and costs.  In his application, Petitioner requests compensation for $24,584.50 in attorneys' fees and $7,480.37 in costs; in total, Petitioner requests compensation in the amount of $32,064.87.  Petitioner also

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

represents that he has not personally incurred any fees or costs in pursuing his vaccine claim. *See* Fees and Costs Application, Exhibit 2, at 1.

On March 28, 2016, Respondent filed a response to Petitioner's application in which she states that she "does not object to the overall amount of fees and costs requested."

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $32,064.87, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, John Howie, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).